Belknap,
No. 4877.

EMPLOYERS LIABILITY ASSURANCE CORPORATION

*v.*

NEW HAMPTON SCHOOL & a.

Argued January 3, 1961.

Decided March 7, 1961.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Richard A. Morse* (*Mr. Morse* orally), for the plaintiff.

*Harold E. Wescott* (by brief and orally), for the defendant.

WHEELER, J.   The first notice which the plaintiff received of the accident of May, 1953 was from counsel for defendant Birch on December 16, 1958, over five years after the accident. The evidence supported the finding below "that notice of the accident of May, 1953, was not given to the plaintiff as soon as reasonably practicable under all the facts and circumstances." *American Employers Ins. Co.* v. *Sterling*, 101 N. H. 434, and cases cited.

The defendant, in justification of its failure to sooner notify the plaintiff, contends that because of the failure of plaintiff's general agent to advise it that it was necessary under the policy to report student accidents the plaintiff is now estopped from asserting lack of prompt notice as required by the policy. The defendant's position, as set forth in its brief, is that "it is apparent on all the facts that the New Hampton School was laboring under misapprehension of its duties with respect to notifying the Ayer Agency of student accidents, and it continued to misapprehend its obligation in this regard until 1959.   During all this period of time, no inquiry was made by the Ayer Insurance Agency to ascertain the reason why the school was not reporting these accidents, although Ayer did on occasion speak to other insureds about reporting accidents."   The defendant concedes that it was aware of the accident of May, 1953 and reported it to the carrier of its students' accident and health

policy on September 16, 1953, but the defendant further contends that it did not recognize the duty to notify the plaintiff of the Birch accident because there was no reason to believe a further claim might be made and in so doing the school acted as a reasonably prudent person would under the same circumstances.

The school was not unfamiliar with the duty to report accidents. During the period of 1945 to 1946 during the life of the students' accident and health policy issued by the plaintiff it reported over two hundred accidents. Since the policy in issue was taken out, numerous accidents to school personnel and one student accident were reported to the plaintiff. It is argued that because more student accidents were not reported the Ayer agency was under the duty to inquire into this because they should have known that such accidents are a frequent occurrence in such schools.

The fact that reports of student accidents practically ceased under the general liability policy is understandable since this policy specifically excluded coverage for "bodily injury, sickness or disease sustained by any pupil while engaged in directed or organized athletic activities, including physical training," whereas under the students' accident and health policy in force during 1945 to 1946 coverage was provided up to three hundred dollars for each student enrolled at the school for bodily injury from accidental means, including hospital and surgical expenses.

"The question of whether the [plaintiff] is estopped to assert its defense . . . depends . . . on whether the insured reasonably relied upon the company's conduct to his prejudice." *Fitch Company* v. *Insurance Company*, 99 N. H. 1, 4. See also, *Bowen* v. *Casualty Company*, 99 N. H. 107.

The plaintiff was under no duty to inquire of the insured if student accidents were occurring, and there was no evidence to warrant a finding that the insurer was put on notice of the accident in question and thus owed a duty to the insured to investigate. *Margolis* v. *Insurance Company*, 100 N. H. 303, 308. If, as the school contends, it did rely upon the plaintiff to inform it of the conditions of the policy, such reliance was not reasonable. *Fitch Company* v. *Insurance Company, supra.* The ruling that the plaintiff is not estopped to assert its defense of violation of the conditions of the policy was warranted by the evidence. There was no evidence that it accepted renewal premiums with knowledge of any failure to report student accidents which might come within the limited coverage for such accidents afforded by this policy.

The defendant offered to prove that for fifteen years the Ayer agency had written a comprehensive liability policy covering another school, the Holderness School, and that during all this period the school did not report student accidents. As stated by defendant's counsel " . . . this evidence is offered for the specific purpose to show that both of these schools were not construing the policy of liability insurance as perhaps it should have been construed . . . that the insurance company knew that the provisions of the policy in regard to notice, under the circumstances of this case, was subject to a misunderstanding, not only on the part of the New Hampton School but also on the part of Holderness School. The evidence is also offered on the reasonableness of the behavior of the New Hampton School in failing to report student accidents under this comprehensive liability insurance policy."

The offer of proof was rejected subject to the defendant's exception. This involved a preliminary determination by the Court as to whether such conduct on the part of others occurred under substantially similar circumstances and whether this would lead to a confusion of collateral issues. *Moulton* v. *Company,* 100 N. H. 92, 95. Why the Holderness School failed to report student accidents, if such there were, is not disclosed. The fact that the Holderness School, even for justifiable reasons, did not comply with the conditions of its policy did not excuse the defendant in following a similar course of action. In any event, the admission of such evidence was discretionary with the Court, and we find no abuse of such discretion.

Finally, the defendant contends that the Court's findings of fact Nos. 13 and 15 are clearly erroneous. In No. 13 the Court found that the evidence did not warrant a finding that the Ayer Insurance Agency knew that student accidents were occurring at the school and that such accidents were not being reported. In No. 15 the Court found that the evidence did not warrant a finding that the plaintiff or its agent should have inquired if all student accidents were being reported.

The findings are sustainable on the record.

*Exceptions overruled.*

All concurred.